UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MR. ANTOINE ELIAS NASR,**<br><br>              **Petitioner,**<br><br>      v.<br><br>STEVEN LAROCCA -<br>Assistant Field Office Director,<br><br>              Respondent. | No. LA CV 16-01673-VBF-E<br><br>**ORDER**<br><br>Adopting the Report & Recommendation:<br><br>Dismissing Grounds 1 & 2 Without Prejudice<br><br>Denying & Dismissing Ground 3 <u>With</u> Prejud.<br><br>Directing Entry of Separate Judgment<br><br>**Terminating & Closing the Case (JS-6)** |

 This is an action for a Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. section 2241. Pursuant to his authority under Fed. R. Civ. P. 72(b)(1), title 28 U.S.C. section 636(b)(1)(B), and C.D. Cal. Local Civil Rule 72-3.3, United States Magistrate Judge Eick issued a Report and Recommendation ("R&R") on June 1, 2016. *See* Case Management / Electronic Case Filing System Document ("Doc") Doc 1.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the habeas corpus petition (Doc 1); the respondents' Return to the petition (Doc 6); the Immigration Judge's March 9, 2016 Removal Order (Doc 6-1); the Board of Immigration Appeals's June 2, 2016 Final Removal Order (Doc 6-2); the two-page Declaration of USICE Deportation Officer Christopher Mendivil executed April 6, 2016 (Doc 6-3); petitioner Nasr's reply (Doc 8), the respondents' Supplemental Return filed May 19, 2016 (Doc 10), the two-page Declaration of Mendivil executed May 18, 2016 (Doc 10-1), the R&R (Doc 12), and the applicable law.

Petitioner has not filed written objections to the R&R within the time allotted by our Local Civil Rule 72-3.4[1], nor has he sought an extension of the objection deadline. Accordingly, the Court proceeds to the R&R without waiting further.

By its terms, Federal Rule of Civil Procedure 72(b)(3) requires a District Judge to conduct de novo review only of those portions of an R&R to which a party has filed timely specific objection. *See Rael v. Foulk*, No. LA CV 14-02987 Doc. 47, 2015 WL 4111295, *1 (C.D. Cal. July 7, 2015) (Fairbank, J.) ("As required by Fed. R. Civ. P. 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which petitioner has specifically objected . . . ."), *COA denied*, No. LA CV 14-02987 Doc. 53, Appeal No. 15-56205 (9th Cir. Feb. 18, 2016).

**Conversely, the Ninth Circuit has held that absent a timely objection purporting to identify specific defects in the R&R, the District Judge has no obligation to review**

---

[1]

Both Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. section 636(b)(1) provide that a party may file written objections to an R&R within fourteen days after being served with the R&R. Our Local Civil Rule 72-3.3, however, provides that "[i]f a party is in custody at the time of the filing of the Magistrate Judge's Report, the time for filing objections under F.R. Civ. P. 72(b) shall be shall be twenty (20) days or such further time as the Magistrate Judge may order."

"Consistent with the Federal Rule governing Magistrate Judges and the Federal Magistrates Act, the Court construes that to mean twenty calendar days after the incarcerated party is *served with* the R&R, not merely twenty days after the R&R is filed on the docket." *Crump v. CSP-Los Angeles County's Maintenance Dep't*, 2016 WL 1610593, *1 n.1 (C.D. Cal. Apr. 21, 2016) (Fairbank, J.).

**the R&R at all.** *See Beard v. Nooth*, 2013 WL 3934188, *1 (D. Or. July 30, 2013) ("For those portions of a magistrate's findings and recommendations to which neither party has objected, the [Federal Magistrates] Act does not prescribe any standard of review.") (citing *Thomas v. Arn*, 474 U.S. 140, 152, 106 S. Ct. 466, 473 (1985) ("There is no indication that Congress, in enacting [the Federal Magistrates Act], intended to require a district judge to review a magistrate's report.[.]") and *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (district judge must review a magistrate's findings and recommendations de novo if objections are made, "but not otherwise")); *see, e.g., Herring v. Maricopa County Sheriff's Office*, 2016 WL 2754851, *1 (D. Ariz. May 12, 2016) (Campbell, J.) ("No objection has been filed, which relieves the Court of its obligation to review the R&R.") (citing, *inter alia*, *Reyna-Tapia*, 328 F.3d at 1121, and *Thomas*, 474 U.S. at 149); *Hussak v. Ryan*, 2016 WL 2606993, *1 (D. Ariz. May 6, 2016) (Rayes, J.) (same).[2]

"**Nonetheless, the Magistrates Act does not *preclude* a district judge from reviewing an R&R to make sure that it recommends a legally permissible and appropriate outcome (based on sound reasoning and valid precedent) if she chooses to do so.**" *Juarez v. Katavich*, 2016 WL 2908238, *2 (C.D. Cal. May 17, 2016) (Fairbank, J.) (citing *Beard*, 2013 WL 3934188 at *1 (although no review is required in the absence of objections, the Magistrates Act "'does not preclude further review by the district judge[] *sua sponte* . . . under a de novo or any other standard") (quoting *Thomas*, 474 U.S. at 154)). "Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that [w]hen no timely objection is filed, the Court review the magistrate's recommendations for clear error on the face of the record." *Juarez*, 2016 WL 2908238 at *2 (citation omitted).

---

[2] *Cf. Smith v. Johnson*, 2012 WL 6726447, *1 (E.D. Ark. Dec. 27, 2012) ("No one has objected to [the] Proposed Findings and Recommendations, . . . . Having reviewed for clear errors of fact on the face of the record, Fed. R. Civ. P. 72(b) (Advisory Committee Notes to 1983 [Edition]), and for legal error, the Court adopts the proposal as modified: . . . ."), *judgment rev'd on other grounds*, 779 F.3d 867 (8th Cir. 2015).

**Out of an abundance of caution, then, the Court has reviewed the R&R.  On either clear-error or de novo review, the Court finds no defect of law, fact, or logic in the R&R.**  Therefore the Court will adopt the R&R and implement its recommendations.

ORDER

**The following three individuals are TERMINATED as parties respondent:**

– **Loretta Lynch** - United States Attorney General

– **Jeh Johnson** - Secretary of United States Department of Homeland Security

– **"Mr. Jorge Field** (US ICE Field Office Director for the Theo Lacy Facility)"

"Steven LaRocca- Assistant Field Office Director" is **SUBSTITUTED** as respondent.

The Report and Recommendation is **ADOPTED** without objection:

**Ground One** of the habeas petition is **DISMISSED without prejudice**.

**Ground Two** of the habeas petition is **DISMISSED without prejudice**.

**Ground Three** of the habeas petition is **DENIED and DISMISSED with prejudice**.

Petitioner does **NOT** need to obtain a certificate of appealability in order to appeal today's Order and the accompanying Judgment to the United States Court of Appeals.

A judgment will be issued consistent with this Order.  "As required by Fed. R. Civ. P. 58(a), the Court will enter judgment by separate document."  *Toy v. Soto*, 2015 WL 2168744, *1 (C.D. Cal. May 5, 2015) (citing *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013)) (footnote 1 omitted), *appeal filed*, No. 15-55866 (9th Cir. June 5, 2015).[3]

---

[3]

*Accord Buck v. American Quarter Horse Ass'n*, 602 F. App'x 709, 710 n.1 (10th Cir. 2015) ("[W]e note that the district court did not prepare a separate document entering judgment in accordance with Fed. R. Civ. P. 58(a).").

"'To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing

The Clerk SHALL **TERMINATE and close the case (JS-6).**

Dated:  Monday, July 11, 2016

*/s/ Valerie Baker Fairbank*
_____
Valerie Baker Fairbank
Senior United States District Judge

---

of the claims.'" *Elkins v. Foulkes*, 2014 WL 2615732, *14 n.4 (C.D. Cal. June 12, 2014) (quoting *Daley v. USAO*, 538 F. App'x 142, 143 (3d Cir. 2013) (per curiam) (citation omitted)).

"'A combined document denominated an Order and Judgment, containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription.'" *Fisher v. Ventura Cty. Sheriffs Narcotics Agency*, 2014 WL 2772705, *7 n.9 (C.D. Cal. June 18, 2014) (quoting *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008)) (internal quote marks omitted).